**FILED**

**NOT FOR PUBLICATION**

NOV 21 2006

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| RICHARD D. POMEROY, | No. 05-35684 |
|---|---|
| Plaintiff - Appellant, | D.C. No. CV-04-00280-A-JWS |
| v. | |
| STEPHEN D. WALLACE, | MEMORANDUM* |
| Defendant - Appellee. | |

RECEIVED

JAN 0 9 2007

CLERK, U.S. DIST... COURT
ANCHORAGE, ALASKA

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Submitted November 6, 2006**

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

Richard D. Pomeroy appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action against assistant district attorney Stephen B. Wallace. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Milstein v. Cooley*, 257 F.3d 1004, 1007 (9th Cir. 2001), and we affirm.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly concluded that Wallace is entitled to prosecutorial immunity for his act of initiating a criminal prosecution against Pomeroy. *See id.* at 1008 ("in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983") (internal quotation and citation omitted). Contrary to Pomeroy's contention that signing the information is a routine administrative function that is not entitled to absolute immunity, the act of signing the information falls squarely within the "the duties of the prosecutor in his role as advocate for the State [and] involve[s] actions preliminary to the initiation of a prosecution." *Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993); *see also* Alaska R. Crim. P. 7(c) (requiring the criminal information initiating prosecution to include the prosecuting attorney's signature).

Pomeroy's remaining contentions are unpersuasive.

Pomeroy's March 9, 2006, motion requesting relief on the basis of inherent constitutional violations is denied.

**AFFIRMED.**



A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

JAN 9 2007

by
Deputy Clerk